UNITED STATES, Appellee

v

DENNIS W. BISHOP, Lance Corporal, U. S. Marine Corps,
Appellant

No. 28,015

June 21, 1974

*Lieutenant William Polkinghorn, Jr.,* JAGC, USNR, argued the cause for
Appellant, Accused.

*Lieutenant Stephen M. Hackerman,* JAGC, USNR, argued the cause for
Appellee, United States. With him on the brief was *Lieutenant Colonel G. L.
Bailey,* USMC.

## OPINION OF THE COURT

QUINN, Judge:

The question before us is whether the discovery of certain photographs during an illegal search tainted other evidence later discovered by the Government and used at trial against the accused.

Reports by personnel of the disbursing office at Camp Hansen, Okinawa, that various personal articles, including watches and photographs, had been stolen, led Major Tavis, the Officer in Charge, to conclude there was a "possibility" that the thief was someone assigned to the office. He arranged for a search of the living quarters of the accused and two other persons. Some of the stolen photographs were found in an album in the accused's desk. The accused represented that they belonged to a Ralph Hayes, who had stayed in the barracks.

As no other stolen article was found in the search of the living area, it seemed to Major Tavis that "the logical thing to do was to look" in the work space used by the accused in the disbursing office. A search was made of that area and temporary pay records for Ralph Hayes were discovered in a cabinet. This discovery, said Major Tavis, "led up to this whole business."

Temporary pay records could be prepared only when the permanent records were not available and, under office procedure, they were retained by Master Sergeant Ansink. An examination of the office files revealed permanent pay records for Hayes. Since there were permanent records for Hayes, the existence of the temporary records and their possession by the accused indicated a scheme to defraud the Government; as a result, the accused was ordered into confinement. Several days later, an inventory was made of his personal effects, as required for persons absent from the unit. In the course thereof, one of the stolen watches was found.

At trial, the judge determined that the search of the accused's living area in the barracks was unlawful. However, he denied a motion by defense counsel to suppress evidence as to the temporary pay records for Hayes, a motion to bar testimony by Hayes regarding an arrangement with the accused to obtain and share unearned pay, and a motion to exclude evidence of the stolen watch found among the accused's effects during the inventory of his personal property. All the motions were predicated upon the contention that the evidence to which they related was tainted by the unlawful search that revealed the stolen photographs.

■ Evidence obtained as a direct result of violation of the individual's right to be free from unreasonable search and seizure is inadmissible against him as part of the Government's case on the merits. Mapp v Ohio, 367 US 643 (1961); Weeks v United States, 232 US 383 (1914). Cf. United States v Calandra, 414 US 338 (1974). Also subject to exclusion is evidence obtained through "exploitation" of evidence directly obtained in an illegal search. Wong Sun v United States, 371 US 471 (1963); United States v Moore, 19 USCMA 586, 42 CMR 188 (1970). In the graphic phrase of Mr. Justice Frankfurter, the derivative evidence is excludable as the "fruit of the poisonous tree." Nardone v United States, 308 US 338, 341 (1939). The contention that the evidence admitted against the accused was the fruit of the poisoned tree of the illegal search of his quarters was fully considered by the Court of Military Review and determined by it to have no merit. We could safely rest upon that court's opinion to affirm its decision, but some brief comments may be appropriate.

■ ■ The "apt question" in a case of taint is not whether the evidence admitted against the accused would not have been discovered "but for" previous illegal action by the Government, but rather, conceding illegality of the Government's action, can it reasonably be concluded that the evidence to which objection is made " 'has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' " Wong Sun v United States, supra at 488. Nothing in the photographs or in the fact of their discovery hinted at the existence of other evidence or sources of evidence

against the accused. They certainly gave no clue as to the existence of the Hayes payroll records. If they had any effect at all, the photographs emphasized that the investigation had to be continued. An illegal search does not protect the accused against continuation of the investigation into his culpability. One would suppose that if the photographs had been considered a meaningful source of evidence against the accused, Major Tavis would have directed that Hayes be questioned to determine the truthfulness of the accused's representation that the photographs had come from him. Yet that was not the step the major deemed "logical." It is apparent that he was disappointed at the limited success of the search of the accused's quarters and concluded that avenues of investigation, other than those suggested by the photographs, had to be pursued. Appellate defense counsel may be correct in their contention that discovery of the payroll records in the disbursing office might not have come about "but for" the search of the accused's quarters, but the search of the disbursing office work area was, in our opinion, "sufficiently distinguishable" to be "purged of the primary taint" of the initial search. Wong Sun v United States, supra. As the search of the office was legal, all the evidence and leads it produced were lawfully obtained. Consequently, the rulings by the trial judge were correct.

The decision of the Court of Military Review is affirmed.

Chief Judge DUNCAN and Senior Judge FERGUSON concur.